[No. 3664.]

Dave Hunter v. The State.

1. Unlawful Sale of Intoxicating Liquors to Minors — Statute Construed — Indictment. — Article 376 of the Penal Code defines an offense separate and distinct from those defined in the two articles preceding. It declares, in effect, that it is an offense for a person to sell intoxicating liquor to a person under twenty-one years, other than the person selling. See the

statement of the case for the charging clause of an indictment *held* suffi-
cient to allege the unlawful sale of intoxicating liquors to a minor. And
see the opinion *in extenso* on the question.

2. SAME — INTENT — EVIDENCE.— A rule of law applicable in this State is stated
as follows: "If the statute is silent as to the defendant's intent or knowl-
edge, the indictment need not allege, nor the government's evidence show,
that he knew the fact; his being misled concerning it is matter for him to
set up in defense and prove. Quite different are the law and procedure
when the statute uses the word 'knowingly' or the like; knowledge is
then an element in the offense, the indictment must allege it, and the evi-
dence against the defendant must affirmatively establish its existence." The
statute defining the offense for which the appellant in this case was prose-
cuted employs the word "knowingly" in such manner as to constitute it an
essential element of the offense, and in order to support a conviction the
evidence, either direct or circumstantial, must show that, when the defend-
ant sold the liquor, he knew that the person to whom he sold it was under
the age of twenty-one years.

3. SAME — JUDICIAL KNOWLEDGE.— The rule which authorizes a court to take
judicial cognizance of natural laws cannot be extended so as to permit it to
assume the age or non-age of any person prosecuted for selling liquor to a
minor.

4. SAME — EVIDENCE.— The trial court refused to permit the defense to prove by
an employee of the defendant that he and other employees had been instructed
by the defendant to observe the regulation of his establishment not to sell
liquor to minors; that the defendant had often refused to sell liquors to
minors, and kept in a conspicuous place a printed notice that minors would
not be permitted inside the establishment. *Held,* that the rejected testi-
mony was competent on the question of the defendant's knowledge, and
therefore its exclusion was erroneous.

APPEAL from the County Court of Travis. Tried below before
the Hon. Z. T. Fulmore, County Judge.

The conviction in this case was for selling intoxicating liquors to
Byrd McLaughlin, a person under the age of twenty-one years.
The penalty imposed by the verdict was a fine of $25.

The first head-note of this report refers to the charging clause of
this indictment. It is as follows: ". . . That Dave Hunter, in
said county and State, on or about the 1st day of February in the
year of Our Lord, 1885, did then and there unlawfully and know-
ingly sell intoxicating liquors to a person under the age of twenty-
one years, to wit, to one Byrd McLaughlin, without the written
consent of the parent or guardian of the said Byrd McLaughlin,
and without the written consent of any one standing in the place of
such parent or guardian; he, the said Dave Hunter, then and there
well knowing that the said Byrd McLaughlin was then and there
under the age of twenty-one years; against the peace and dignity of
the State," etc. A second count, in substantially the same language,

charged the gift of intoxicating liquor to Byrd McLaughlin on the said 1st day of February, 1885.

The State proved the sale of a milk punch to Byrd McLaughlin by the defendant in February, 1885, and that consent to do so was neither verbally nor in writing given by either of the said Byrd McLaughlin's parents. The last head-note sufficiently discloses the evidence offered by the defense and excluded by the court below.

*T. E. Sneed* and *George F. Pendexter*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. There is no doubt in our minds as to the sufficiency of the indictment. The offense created by article 376 of the Penal Code is in no manner connected with, relating to, or dependent upon, the offenses declared in the two preceding articles. It is an offense separate and distinct from, and independent of, any other. The words "any other person" in said article bear no relation whatever to either of the two preceding articles. They mean simply "another person" than the person who sells, etc., the liquor.

To illustrate our construction of the article, we will arrange its words thus: "Any person who shall knowingly sell or give, or cause to be sold or given, any spirituous, vinous or intoxicating liquor to *another* person under the age of twenty-one years," etc. This, we think, is the plain meaning and intent of the article. If, as contended by counsel for defendant, the words "any other person" should be construed to mean some person who is not mentioned in either of the two preceding articles; that is, some person other than an Indian of the wild or unfriendly tribes, and other than an Indian of the Choctaw or Chickasaw territory, it would be in effect holding that the Legislature which enacted these provisions were either careless in expressing the legislative intent, or that they were ignorant of the usual mode of expressing such intent in such cases. If such had been the legislative intent, the usual form of expressing it would have been thus: "If any person shall sell, etc., to any other person than those named in the two preceding articles," etc. Our understanding of this article is that it relates to all persons who are under the age of twenty-one years, whether they be Indians or persons of any other race, nationality or sex. If the sale, etc., be to an Indian under the age of twenty-one years, two offenses are committed by the same act, and the person guilty thereof may be convicted and punished for either. These being our views, we

hold that the court did not err in overruling the exceptions to the indictment.

To constitute the offense of which defendant was convicted, it must be made to appear by the evidence, in some way, that at the time he sold, gave or bartered the liquor to the minor, he knew the fact that the person to whom he sold, etc., was under the age of twenty-one years. *Knowledge* of this fact by the defendant, at the time of the act, is as essential to constitute this offense as a fraudulent intent at the time of taking property is to constitute the crime of theft. The fact of knowledge may be proved, like any other fact, by circumstances; but it must be proved in some way, before it can be said that the law has been violated. The fact that the defendant sold the liquor to a person under the age of twenty-one years does not of itself prove, as is contended by counsel for the State, that he knew such person was a minor.

Counsel for the State advances this proposition: " When the truth of a fact has been proven, all persons will be presumed to have known the truth until the contrary appears." And under this proposition he contends that the State, having proved the minority of the person to whom the liquor was sold, had made a *prima facie* case of guilt against the defendant. No authority is cited in support of this proposition and argument, nor have we been able to find any such authority. The rule contended for would perhaps be applicable in a case where the statute creating the offense does not require that the forbidden act should be *knowingly* done, but it is certainly not applicable where, as in this case, knowledge of the fact of minority on the part of the defendant is an affirmative matter which constitutes an essential element of the offense, and must be alleged and proved. Mr. Bishop says: "Where the statute is silent as to the defendant's intent or knowledge, the indictment need not allege, or the government's evidence show, that he knew the fact; his being misled concerning it is matter for him to set up in defense and prove. Quite different are the law and procedure where the statute has the word ' knowingly ' or the like; knowledge is then an element in the crime, the indictment must allege it, and the evidence against the defendant affirmatively establish its existence." (Bish. Stat. Cr. § 1022; 1 Bish. Cr. Pr., §§ 522, 523.)

In creating this offense our statute uses the word " knowingly," and it is therefore an essential element of the offense that the defendant knew at the time he sold the liquor that the purchaser thereof was under the age of twenty-one years. This knowledge must therefore not only be alleged, but must be affirmatively proved.

(*Pressler* v. *The State*, 13 Texas Ct. App., 95.)  In the record before us there is not one particle of evidence that the defendant had knowledge of the minority of the person to whom he sold the liquor.  It is in proof that such person was a little past sixteen years of age at the time defendant sold him the liquor.  It is submitted by counsel for the State that the court should take judicial notice of physical facts, such as that a boy of sixteen years of age would not ordinarily appear to be of the age of twenty-one years, and that this physical appearance was sufficient evidence on the part of the State to prove knowledge on the part of the defendant of the non-age of the purchaser.

Mr. Wharton says:  "As a general rule, a court in making up its conclusions is to take no notice of facts not in evidence.  In the Roman law this maxim, as held by the classical jurists, is understood as precluding the *judex* from allowing his judgment to be influenced by any facts which are the proper objects of evidence, but which are not put in evidence.  In the same sense this maxim has been accepted by our own courts."  (1 Whart. Ev., § 276.)  It is very true that a court will assume knowledge, in proper cases, of natural laws, such as are ordinarily admitted by experience, or demonstrated by science.  (Id., §§ 284, 333, 334.)

But we do not conceive that in cases like the one under consideration, the rule of judicial notice is applicable.  While we might concede that it is a general law of nature that a person sixteen years of age does not present the same appearance as one twenty-one years of age, yet we also know that there have been, and are, and will always be, exceptions to this general rule.  For aught that this court can know from the record before it, the person to whom the liquor was sold in this instance may have presented all the physical appearances of a man over the age of twenty-one years.  He may have been six feet tall, weighing two hundred pounds, and "full of strange oaths, and bearded like a pard."  There is nothing in the record that informs us of his physical appearance as to age.  If it had been shown in the statement of facts that in size and physical appearance he was not a man, that it was reasonably apparent to the observation of an ordinarily prudent man that he was not twenty-one years of age, we would hold that such evidence would be sufficient to show knowledge of his non-age.  But there is no such proof in this record, and we cannot indulge in the presumption that such proof was before the jury, nor can we take judicial notice that this particular minor did, as minors ordinarily do, present the physical indications of minority.

We must hold, therefore, that the evidence fails to show that the defendant "knowingly" sold liquor to a person under the age of twenty-one years; and because of this failure in the proof the conviction is without support and must be set aside.

Bearing upon the question of the defendant's want of knowledge of the fact of non-age, where that question is contested, we think the facts proposed to be proved by the witness Moore would be admissible. Such evidence would tend to show a desire on the part of the defendant to avoid a violation of the law, and would show acts of caution used by him for the purpose of preventing such violation of the law. Of course these acts would not afford any excuse or justification for a violation of the law. They would only be relevant and admissible in determining whether or not the defendant "knowingly" committed the forbidden act. We think the testimony should have been admitted, accompanied by proper instructions in the charge of the court, as to the particular purpose for which the same was admitted.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered June 13, 1885.]